IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD

JOHN HENRY MILLER,

      Plaintiff,

v.                                Case No. 1:17-cv-04169

DR. KAMALESH PATEL and
DR. CHRISTOPHER MCCOY,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

On October 16, 2017, the plaintiff, an inmate presently incarcerated at SCI Laurel Highlands, in Somerset, Pennsylvania, filed a Complaint (ECF No. 2) alleging negligence by the defendants arising out of his medical treatment on March 16, 2017. This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## THE PLAINTIFF'S CLAIMS

From 2015 to 2017, the plaintiff was incarcerated at the Stevens Correctional Center ("SCC") in Welch, West Virginia. Beginning in July 2016, the plaintiff was treated by the doctor at SCC for bleeding hemorrhoids for about 8 ½ months. Ultimately, the SCC doctor told the plaintiff that he would be taken to an outside doctor to address the problem.

On March 16, 2017, the plaintiff was taken to see Doctor Kamalesh Patel. He was sedated for the procedure and awoke in severe pain. The plaintiff was taken by ambulance

to Princeton Community Hospital ("PCH") for stomach surgery, which was performed by Dr. Christopher McCoy, D.O.  Before the surgery, the plaintiff saw Dr. Patel and asked him what happened?  Dr. Patel said he spotted a "polyp" that had spots on it and he was "curious" about it.  Dr. Patel said he cut 80% of it out then it started to bleed, so he had to put in staples to stop the bleeding.  The plaintiff further alleges that Dr. Patel stated that Dr. McCoy was going to do surgery to "fix the damage."

Following the surgery, the plaintiff spent two days in the CCU and another 6 days at PCH.  When he returned to SCC, he spent three days in the medical unit because he had fluid on his lungs.  Sometime thereafter, the plaintiff was taken back to see Dr. McCoy to have staples removed from his stomach.  During that visit, the plaintiff asked Dr. McCoy if he had cancer and was told he did not.  The plaintiff then asked Dr. McCoy why a large part of his intestines had been removed, but Dr. McCoy allegedly did not answer him.

The plaintiff alleges that his medical records indicate that neither Dr. Patel, nor Dr. McCoy, performed any procedure on his bleeding hemorrhoids, and when the plaintiff was taken into custody at SCI Laurel Highlands in Pennsylvania, he was still having to use hemorrhoid ointment.  Accordingly, he alleges that these medical providers did not perform the expected procedure, and actually performed an unnecessary procedure without his consent.

Summonses were issued for Dr. Patel and Dr. McCoy.  Dr. Patel was served with his summons and subsequently filed a Motion to Dismiss (ECF No. 10) and a Memorandum of Law in support thereof (ECF No. 11).  Dr. Patel's motion asserts that the plaintiff did not comply with the requirements of the West Virginia Medical Professional

Liability Act ("MPLA"), West Virginia Code § 55-7B-6, prior to filing his Complaint, and that the law requires that the Complaint be dismissed.

Dr. McCoy's first summons was returned unexecuted.  Despite a second attempt to serve process on Dr. McCoy at another address provided by the plaintiff, Dr. McCoy has not been properly served with process.  Thus, no responsive pleading has been filed, and none is presently required by Dr. McCoy.

On January 25, 2018, the plaintiff filed a "Motion for Response to the Defendant(s) Motion to Dismiss Complaint, For Failure to Comply with the Prerequisites of the MPLA, Motion to Dismiss Defendant(s) Motion to Dismiss, Motion to Proceed With Civil Action" (ECF No. 24), which the undersigned construes as a Response to Dr. Patel's Motion to Dismiss (hereinafter "the plaintiff's Response").

On February 22, 2018, the plaintiff filed a "Motion to Amend and for Reconsideration" (ECF No. 35), which the undersigned has construed as a motion for leave to amend the Complaint and a motion for reconsideration of the denial of appointment of counsel.  However, the plaintiff did not, at that time, submit a proposed amended complaint.

On February 26, 2018, the plaintiff filed a "Petition for Amended Certificate of Merit" (ECF No. 36), in which he appears to be attempting to comply with the MPLA's requirement to serve a screening certificate of merit on each defendant.  However, the document filed by the plaintiff does not meet any of the requirements of W. Va. Code § 55-7B-6, and does not cure the deficiency of the plaintiff's failure to serve the proper documentation (both a Notice of Claim and a screening certificate of merit) on each defendant prior to filing his initial Complaint.  By separate Order, the undersigned has denied the 'Petition for Amended Certificate of Merit."

3

Dr. Patel subsequently filed a Response to the Petition for Amended Certificate of Merit and Motion to Strike (ECF No. 39). The Response asserted that the plaintiff failed to comply with the MPLA requirements before filing the instant suit and that the appropriate remedy is dismissal of the Complaint without prejudice. The response further asserted that the plaintiff's proposed "Certificate of Merit" did not satisfy the state law requirements. Finally, Dr. Patel moved to strike the mention of Dr. Patel's counsel, J. Dustin Dillard, as a party in that document. By separate Order, the undersigned has denied the Petition for Amended Certificate of Merit and struck Mr. Dillard's name as a party therein.

On April 26, 2018, the plaintiff filed an "Amended Civil Complaint" (ECF No. 46), which, in addition to the allegations of negligence against Doctors Patel and McCoy, alleged claims of deliberate indifference to a serious medical need against those defendants, and also attempted to add "Prime Care" and "Princeton Community Hospital" as defendants. Although the undersigned had not granted the plaintiff leave to amend his Complaint, and had not ordered service of the proposed Amended Complaint on any of the defendants named therein, on May 9, 2018, Princeton Community Hospital, by counsel, filed a Motion to Dismiss Amended Complaint (ECF No. 48) and a Memorandum of Law in support thereof (ECF No. 49). Similarly, on May 10, 2018, Dr. Patel, by counsel, filed a Motion to Dismiss Amended Complaint (ECF No. 50) and a Memorandum of Law in support thereof (ECF No. 51).

By separate Order, the undersigned has treated the plaintiff's Motion to Amend (ECF No. 35-1) as a Motion for Leave to File Amended Complaint, and the "Amended Civil Complaint (ECF No. 46) as the proposed Amended Complaint sought to be filed.

4

However, the undersigned has denied the Motion for Leave to File Amended Complaint because the plaintiff's proposed amendments are futile.

Because the undersigned has denied the plaintiff leave to file his proposed Amended Complaint, it is appropriate for the presiding District Judge to **DENY AS MOOT** the Motions to Dismiss Amended Complaint filed by Princeton Community Hospital and Dr. Patel (ECF Nos. 48 and 50).  Moreover, as addressed below, Dr. Patel's initial Motion to Dismiss (ECF No. 10) should be **GRANTED,** and the plaintiff's initial Complaint (ECF No. 2) should be **DISMISSED WITHOUT PREJUDICE** pending his compliance with the MPLA.

## STANDARD OF REVIEW

The defendants' motions assert that the plaintiff's Amended Complaint should be dismissed under Rule 12(b)(6) of Federal Rules of Civil Procedure, because it fails to state a claim upon which relief can be granted against him.  Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.   However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case.  The Court wrote:

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-679.

## ANALYSIS

### A.    The plaintiff cannot state a plausible section 1983 claim against any of the defendants.

The plaintiff's Response to Dr. Patel's Motion to Dismiss asserts that he states a plausible claim for relief under 42 U.S.C. § 1983, but fails to elaborate on that contention. As addressed in the Order denying the plaintiff's Motion for Leave to File Amended Complaint, none of the defendants named in the initial Complaint, or the proposed Amended Complaint, was acting under color of state law at the time of the incidents alleged therein. Thus, the defendants are not persons who can be sued or held liable under section 1983, and therefore, the plaintiff cannot state a plausible claim for relief thereunder, and the plaintiff's state law claims of negligence are the only potentially plausible claims.

**B.    Dismissal for failure to comply with the MPLA is required.**

The plaintiff's initial Complaint alleges claims of medical malpractice or negligence against Doctors Patel and McCoy.  Before filing a medical malpractice action against any health care provider, the plaintiff must comply with the requirements of West Virginia Code § 55-7B-6, part of the Medical Professional Liability Act ("MPLA"), which provides, in pertinent part, as follows:

> (a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.

> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation.  The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit.  The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia Rules of Evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death.  A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted.  The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. . . .

W. Va. Code § 55-7B-6.  The MPLA defines "medical professional liability" as "any liability for damages resulting from the death or injury of a person for any tort or breach of contract based on health care services rendered, or which should have been rendered, by a health care provider or health care facility to a patient."  W. Va. Code § 55-7B-2(i).

Doctor Patel's Memorandum of Law in support of his Motion to Dismiss asserts that the plaintiff's claims sound in medical professional liability and, thus, fall squarely

within the MPLA.  (ECF No. 11 at 2-3).  Dr. Patel further emphasizes that the MPLA

prerequisites must be met **prior** to filing a medical professional liability action against

any health care provider.  His memorandum further states:

> Specifically, a claimant must serve by certified mail, return receipt
> requested, a Notice of Claim upon any health care provider the claimant
> intends on making a party to his/her future lawsuit.  W. Va. Code § 55-7B-
> 6(b).  The Notice of Claim must set forth a statement of the theory or
> theories of liability upon which the claimant's cause of action may be based.
> *Id.* (emphasis added).
>
> With that Notice of Claim, a claimant must also serve upon the health care
> provider a Screening Certificate of Merit, which has been executed under
> oath by a health care provider qualified as an expert under the *West
> Virginia Rules of Evidence* to demonstrate the merit of the claimant's claim.
> *Id.*  Specifically, the Screening Certificate of Merit must state: "(1) the
> expert's familiarity with the applicable standard of care in issue; (2) the
> expert's qualifications; (3) the expert's opinion as to how the applicable
> standard of care was breached; and (4) the expert's opinion as to how the
> breach of the applicable standard of care resulted in injury or death."  *Id.*

(*Id.* at 3-4).

The MPLA requirements have been determined to be mandatory for medical

malpractice or negligence claims filed in federal courts.  *See Stanley v. United States*, 321

F. Supp.2d 805, 807 (N.D. W. Va. 2004); *see also Gaylor v. Dagher*, Case No. 2:10-cv-

00258, 2011 WL 482834, 2011 U.S. Dist. LEXIS 12400 (S.D. W. Va., Jan. 14, 2011)

(unpublished); *Motto v. Correctional Medical Services,* Case No. 5:06-cv-00163, 2007

WL 2897854, 2007 U.S. Dist. LEXIS 72436 (S.D. W. Va. Sept. 27, 2007) (unpublished

decision).  Thus, because the plaintiff did not comply with the MPLA requirements with

respect to any proposed defendant prior to filing his Complaint, Dr. Patel asserts that the

plaintiff's Complaint must be dismissed.

The plaintiff does not dispute his failure to comply with the MPLA requirements

in advance of filing his Complaint.  Rather, he asserts that the instructions accompanying

the Complaint form used by this court for prisoner complaints, and the Complaint form itself, do not say anything about serving a Notice of Claim and/or Screening Certificate of Merit. (ECF No. 24 at 2). That argument is frivolous. Despite being a prisoner and proceeding *pro se*, the plaintiff is expected to research and comply with the laws applicable to his case.

The plaintiff's Response further appears to assert that a Screening Certificate of Merit is not necessary because he is relying on a well-established theory of liability that does not require expert testimony. (*Id.* at 3-5). Thus, the plaintiff appears to be relying on W. Va. Code § 55-7B-6(c), which provides as follows:

> c) Notwithstanding any provision of this code, if a claimant or his or her counsel, believes that no screening certificate of merit is necessary because the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care, the claimant or his or her counsel shall file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit.

W. Va. Code § 55-7B-6. His response appears to suggest that the obvious theory of liability was that "Dr. Patel should have got another opinion when the procedure was not effective." (*Id.* at 5).

Dr. Patel's Reply addresses this last contention as follows:

> Plaintiff asserts in his Response that he needs no screening certificate of merit because his "cause of action is based on a weel [sic]-established legal testimony support a breach of the applicable standard of care." This is not a valid objection to dismissal of this case. Even assuming Plaintiff believed that no screening certificate of merit was warranted, that did not relieve Plaintiff of his obligation to provide this defendant with a Notice of Claim.

(ECF No. 33 at 3-4). Dr. Patel further questions the plaintiff's "well-established legal theory of liability." His Reply states:

> As stated by the West Virginia Supreme Court of Appeals, "*[w]e caution litigants . . . that it is the unique cause that will qualify for good faith*

9

*reliance on W. Va. Code § 55-7B-6(c).*  An ignorance of the mandates or a failure to comply, without more, will not suffice to provide litigants a second chance to provide a certificate of merit."  *Westmorland v. Vaidya*, 222 W. Va. 205, 664 S.E.2d 90 n.14 (2008) (emphasis added).  Instead, it is the general rule that in medical malpractice cases, negligence or want of professional skill can be proved only by expert witnesses.  *Syl. Pt. 1, Farley v. Meadows*, 185 W. Va. 48, 404 S.E.2d 537 (1991).  This is because "medical diagnosis and treatment typically involves professional practices and procedures familiar only to the medical community."  *Totten v. Adongay*, 175 W. Va. 634, 638 (1985).  Res Ipsa Loquitor "applies only in cases where defendant's negligence is the **ONLY** inference that can reasonably and legitimately be drawn from the circumstance."  *Syl. Pt. 2, Farley* (emphasis added).  There is nothing about the allegations made by Plaintiff that permits that inference.  Even if it is assumed, for sake of argument only, that Mr. Miller had a bad outcome from medical treatment, that does not mean that negligence is the only explanation.  It is axiomatic that with virtually any medical procedure, there are risks.  A physician is not a guarantor of favorable results.  Bad or unexpected results or complications are not evidence of negligence on the part of a defendant.  As the West Virginia Supreme Court of Appeals has stated, "[p]roof that a physician failed to cure an affliction or effect a perfect remedy for an injury does not alone establish negligence or lack of skill."  *Id.*

(ECF No. 33 at 4-5).

It is evident that the plaintiff failed to comply with all of the requirements of the West Virginia MPLA.  Notwithstanding the plaintiff's argument that no screening certificate of merit was necessary (about which the undersigned makes no proposed finding herein), the plaintiff also failed to provide any potential defendant with the required Notice of Claim more than 30 days prior to filing his initial Complaint.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that dismissal of the Complaint, in its entirety, is required because the plaintiff failed to meet the requirements of the MPLA with respect to either of the defendants.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Dr. Patel's Motion to Dismiss (ECF No. 10), **DENY** the plaintiff's "Motion to Dismiss Defendant's Motion to Dismiss" (ECF No. 24), **DENY AS MOOT** the Motions to Dismiss

Amended Complaint filed by Princeton Community Hospital and Dr. Patel (ECF Nos. 48 and 50), **DISMISS WITHOUT PREJUDICE** the Complaint (ECF No. 2), and remove this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties who have made an appearance herein and to Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and transmit a copy to counsel of record.

June 7, 2018

Dwane L. Tinsley
United States Magistrate Judge

11