IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

JOHN HENRY MILLER,

    Plaintiff,

v.                               Civil Action No. 1:17-04169

DR. KAMALESH PATEL, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Tinsley submitted to the court his Proposed Findings and Recommendation ("PF&R") on June 7, 2018, in which he recommended that the District Court: 1) grant Dr. Patel's motion to dismiss; 2) deny plaintiff's "Motion to Dismiss Defendant's Motion to Dismiss"; 3) deny as moot the motions to dismiss the amended complaint filed by Princeton Community Hospital and Dr. Patel; 4) dismiss plaintiff's complaint without prejudice; and 5) remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation. The failure of any party to file

such objections constitutes a waiver of such party's right to a de novo review by this court.

Objections to the PF&R were due on or before June 25, 2018. On June 29, 2018, a letter from plaintiff, dated June 26, 2018 and directed to Teresa L. Deppner (the former Clerk of Court), was filed in this matter. Among other things, that letter asked for an extension of time to file objections. On July 2, 2018, the court granted plaintiff's request for additional time to file objections, giving him until August 1, 2018 to do so. Rather than file objections, on July 5, 2018, plaintiff filed a Notice of Appeal.[1] Thereafter, on August 10, 2018 and outside the deadline for doing so, plaintiff filed objections to the PF&R.[2]

Plaintiff offers no excuse for his failure to file timely objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must `only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's

---

[1] The Notice of Appeal leaves no doubt that it was intended as an appeal to the United States Court of Appeals for the Fourth Circuit and does not set forth any specific objections which would allow this court to construe it as an objection to the PF&R.

[2] The objections are dated August 7, 2018, so they are untimely even under the prison mailbox rule.

2

note).  The court has reviewed the record in this case, as well as Magistrate Judge Tinsley's PF&R.  Having done so, the court discerns no clear error.

Notwithstanding the fact that it has no obligation to do so, the court has reviewed plaintiff's objections and notes that they would not change its decision to adopt the PF&R.  Magistrate Judge Tinsley recommended that plaintiff's complaint be dismissed based upon plaintiff's failure to comply with the requirements of the West Virginia Medical Professional Liability Act ("MPLA"), West Virginia Code § 55-7B-6.

In West Virginia, the Medical Professional Liability Act ("MPLA") controls medical malpractice claims."  Dreenen v. United States, 2010 WL 1650032, *2 (4th Cir. 2010); Callahan v. Cho, 437 F. Supp. 2d 557, 561 (E.D. Va. 2006); Stanley v. United States, 321 F. Supp. 2d 805, 808-09 (N.D.W. Va. 2004); Osborne v. United States, 166 F. Supp. 2d 479, 496-97 (S.D.W. Va. 2001); Bellomy v. United States, 888 F. Supp. 760, 764-65 (S.D.W. Va. 1995).

The MPLA provides that in order to bring such a claim, a plaintiff must prove that:

> (1) The health care provider failed to exercise that degree of care, skill and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and

> (2) Such failure was a proximate cause of the injury or death.

3

W. Va.Code § 55-7B-3(a). When a medical negligence claim involves an assessment of whether the plaintiff was properly diagnosed and treated, or whether the health care provider was the proximate cause of the plaintiff's injuries, expert testimony is required. Banfi v. American Hosp. for Rehabilitation, 539 S.E.2d 600, 605-06 (W. Va. 2000).[3]

Additionally, under West Virginia Code § 55-7B-6, certain requirements must be met before a person may even file an action against a health care provider. This section provides in pertinent part:

> (a) Notwithstanding any other provisions of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.
>
> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices are being sent, together with a

---

[3] "West Virginia law stipulates that medical experts must establish the applicable standard of care in medical malpractice cases. W. Va. Code § 55-7B-7(a). The only exceptions to this requirement, where the breach of duty is so gross as to be apparent or the standard is within the common knowledge of lay jurors, are the same as the exceptions to the medical certificate requirement." Callahan v. Cho, 437 F. Supp. 2d 557, 564 (E.D. Va. 2006).

4

>screening certificate of merit. The
>screening certificate of merit shall be
>executed under oath by a health care provider
>qualified as an expert under the West
>Virginia Rules of Evidence and shall state
>with particularity: (1) The expert's
>familiarity with the applicable standard of
>care in issue; (2) the expert's
>qualifications; (3) the expert's opinion as
>to how the applicable standard of care was
>breached; and (4) the expert's opinion as to
>how the breach of applicable standard of care
>resulted in injury or death. A separate
>screening certificate of merit must be
>provided for each health care provider
>against whom a claim is asserted. The person
>signing the screening certificate of merit
>shall have no financial interest in the
>underlying claim, but may participate as an
>expert witness in any judicial proceeding.
>Nothing in this subsection may be construed
>to limit the application of rule 15 of the
>Rules of Civil Procedure.

W. Va. Code § 55-7B-6(b). Courts have held that a plaintiff's failure to adhere to the pre-filing requirements of the MPLA warrants dismissal. See, e.g., Callahan v. Cho, 437 F. Supp. 2d 557, 565 (E.D. Va. 2006); Stanley v. United States, 321 F. Supp. 2d 805, 809 (N.D.W. Va. 2004).

In his objections, plaintiff does not argue that he has complied with the pre-filing requirements of the MPLA. Rather, his objection seems to be that, as an incarcerated individual, it is impossible for him to comply. This argument is without merit. "[T]he MPLA does not provide any relief for incarcerated persons, which excepts their compliance with the Act's pre-filing requirements. An inmate, like Plaintiff, is entitled and capable

5

of proceeding in court with a medical negligence or malpractice claim just as any other plaintiff provided the inmate adheres to the pre-filing requirements." Roseboro v. Felts, Civil Action No. 5:08-cv-01433, 2012 WL 3637406, *11 (S.D.W. Va. Aug. 22, 2012); see also Slaughter v. United States, Civil Action No. 5:08-1016, 2010 WL 1380009, *6 (S.D.W. Va. Feb. 3, 2010) ("Plaintiff's right of access to the Courts is not burdened through the application of the MPLA in the context in which he finds himself. The MPLA does not exclude claims of inmates. Plaintiff is as entitled and capable of proceeding in Court with a medical negligence claim as anyone else provided he provides a notice of claim and a certificate of merit in conformity with the statute.").

Furthermore, the injuries plaintiff complains of are not within the understanding of lay jurors by resort to common knowledge and experience and, accordingly, he is not excused from filing a screening certificate of merit.[4] Nor is he excepted from filing a Notice of Claim. Finally, a stay of this matter to allow plaintiff to comply with the MPLA is inappropriate- the requisite documents are to be obtained prior to filing suit. See, e.g., State ex rel. Miller v. Stone, 607 S.E.2d 485, 490 (W.

---

[4] In any event, even if plaintiff believed that no screening certificate was necessary, plaintiff has not filed the statement required by West Virginia Code § 55-7B-6(c) that a plaintiff must provide in lieu of a screening certificate of merit.

Va. 2004) ("Petitioner violated the statute when she filed her medical malpractice claim . . . <u>before she filed her certificate of merit</u>, which completely foreclosed the health care provider's statutorily granted right to demand <u>pre-litigation</u> mediation— in other words, mediation prior to the filing of any action.") (emphasis in original). Therefore, because this court finds that plaintiff has not complied with the requirements of West Virginia Code § 55-7B-6, the dismissal of his complaint is appropriate. Any objection to this finding is **OVERRULED**.[5]

Based on the foregoing, the court accepts Magistrate Judge Tinsley's findings and recommendation. Accordingly, Dr. Patel's motion to dismiss is **GRANTED**; 2) plaintiff's "Motion to Dismiss Defendant's Motion to Dismiss" is **DENIED**; 3) the motions to dismiss the amended complaint filed by Princeton Community Hospital and Dr. Patel are **DENIED** as moot; 4) plaintiff's complaint is **DISMISSED** without prejudice; and the Clerk is directed to remove this case from the court's active docket.

---

[5] The cases plaintiff cites in his objections are not on point. For example, <u>Hinchman v. Gillette</u> dealt with dismissal of a medical malpractice case based upon alleged defects and insufficiencies in the plaintiff's pre-suit notice of claim and screening certificate of merit. <u>See</u> 618 S.E. 2d 387 (W. Va. 2005). In the instant case, dismissal is based upon plaintiff's complete failure to obtain the necessary documents prior to filing suit and not any alleged technical deficiencies.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the plaintiff, pro se, and to any other unrepresented parties.

IT IS SO ORDERED this 26th day of September, 2018.

ENTER:

_David A. Faber_
David A. Faber
Senior United States District Judge